UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
STEPHEN GARCIA,                )  1:10-cv-00791-SMS-HC
                               )
            Petitioner,        )  ORDER DISMISSING PETITION FOR
                               )  WRIT OF HABEAS CORPUS (Doc. 1)
                               )
    v.                         )  ORDER DIRECTING THE CLERK TO
                               )  ENTER JUDGMENT AND CLOSE THE CASE
FRESNO COURTHOUSE,             )
                               )  ORDER DECLINING TO ISSUE A
            Respondent.        )  CERTIFICATE OF APPEALABILITY
                               )
_____)
```

On May 5, 2010, Petitioner, who is currently incarcerated at the Fresno County Jail, filed a petition for writ of habeas corpus in this Court. (Pet. 2.) On May 17, 2010, Petitioner filed a signed, written form indicating his consent to have a United States Magistrate Judge conduct all further proceedings in this case.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

1  appears from the petition and any attached exhibits that the
2  petitioner is not entitled to relief in the district court...."
3  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
4  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
5  1990).  Habeas Rule 2(c) requires that a petition 1) specify all
6  grounds of relief available to the Petitioner, 2) state the facts
7  support
8  ing each ground, and 3) state the relief requested.  Notice
9  pleading is not sufficient; rather, the petition must state facts
10 that point to a real possibility of constitutional error.  Habeas
11 Rule 4, Adv. Comm. Notes, 1976 Adoption; O'Bremski v. Maass, 915
12 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7
13 (1977)).
14      Further, the Court may dismiss a petition for writ of habeas
15 corpus either on its own motion under Rule 4, pursuant to the
16 respondent's motion to dismiss, or after an answer to the
17 petition has been filed.  Advisory Committee Notes to Habeas Rule
18 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
19 (9th Cir. 2001).
20      II. Exhaustion of State Court Remedies and Abstention
21      A petitioner who is in state custody and wishes to challenge
22 collaterally a conviction by a petition for writ of habeas corpus
23 must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
24 The exhaustion doctrine is based on comity to the state court and
25 gives the state court the initial opportunity to correct the
26 state's alleged constitutional deprivations.  Coleman v.
27 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
28 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due

3

> process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims

4

has not been extended to petitions that contain no exhausted claims.  Raspberry, 448 F.3d at 1154.

Further, it is established that a federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent the most unusual circumstances. Younger v. Harris, 401 U.S. 37 (1971); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  This principle has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to judgment of conviction by a state court. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).  It also applies to prevent a federal court from interference during the time a case is on appeal in the state courts.  New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).

In this case, Petitioner complains of ongoing criminal proceedings in state court relating to a violation of probation. He admits that he has appointed counsel and, at the time the petition was filed, an upcoming court date.  (Pet. 2.)  He complains of one judge's refusal to be recused (pet. 3), and he refers to the progress or result of a motion or hearing concerning his appointed counsel (pet. 3-4).  He also refers to negotiations for a plea.  (Pet. 4.)  Petitioner further admits

5

that he has not appealed his judgment or sentence. (Pet. 5, 2.)

In summary, Petitioner has admitted that his petition concerns ongoing criminal proceedings in which Petitioner has the assistance of appointed counsel and the opportunity to go to court. It clearly appears that state court proceedings are currently pending and involve the important state interest in criminal prosecution. Further, in light of Petitioner's allegations concerning counsel and court dates, Petitioner has not demonstrated that he lacks an adequate opportunity to raise any constitutional claims. Finally, Petitioner affirmatively admits that he has not appealed his judgment or sentence or otherwise exhausted his claims through the state judicial process.

Accordingly, the Court concludes that the petition is entirely unexhausted. Further, the Court will not intercede in the ongoing state court proceedings. The petition must be dismissed. 28 U.S.C. § 2254(b)(1).

III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or

6

that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.

Accordingly, the Court DECLINES to issue a certificate of appealability.

/////

### IV. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for lack of exhaustion of state court remedies; and

2) The Clerk is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:     June 2, 2010**                    /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE